IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN GETER,

      Plaintiff,

v.                                                                       No. CV 13-1035 JH/LAM

CHAVEZ COUNTY PUBLIC DEFENDERS,
ANNA MARIE BELL,

      Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A and rule 12(b)(1), (6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted. For reasons set out below, the Court will dismiss Plaintiff's complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was convicted of criminal charges in state court. He alleges that Defendant Bell, his appointed public defender, convinced him to take a plea deal by telling him it would result in concurrent sentences. Defendant allegedly knew that Plaintiff would receive consecutive sentences, and the state court imposed consecutive sentences. Plaintiff contends that his defender's actions violated his civil rights. The complaint makes no separate factual allegations against Defendant Chavez County Public Defenders. Plaintiff seeks damages.

Plaintiff's claims against Defendant Bell must be dismissed for failure to allege one of the two elements of a claim under 42 U.S.C. § 1983. A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Here, Plaintiff alleges that his rights were violated by his public defender's incorrect advice during plea negotiations. Case law is clear that, absent a conspiracy, a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's claims against Defendant Bell.

Plaintiff's claims against Defendant Chavez County Public Defenders also must be dismissed. First, the complaint contains no allegations against this entity Defendant affirmatively linking it to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th

Cir. 1996). Furthermore, and primarily, Plaintiff's complaint against this entity is an action against a "state . . . agency pursuant to § 1983; [the agency is not a] 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against Defendant Chavez County Public Defenders.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE